MOT
Michael D. Falater (12366)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel:   (702) 385-2500
Fax:   (702) 385-2086
mfalater@hutchlegal.com

*Attorneys for Seoul Trading, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| SEOUL TRADING, INC.,<br><br>　　　　　　Plaintiff/Petitioner,<br><br>v.<br><br>GOLDEN GLOBAL USA INC.,<br><br>　　　　　　Defendant/Respondent. | CASE NO.:   2:22-cv-00086-RFB-BNW<br><br>**SEOUL TRADING, INC.'S MOTION FOR RECONSIDERATION OF COURT ORDER DATED JANUARY 20, 2022 ON AN ORDER SHORTENING TIME** |

Seoul Trading, Inc., specially appears, by and through its counsel of record, Hutchison & Steffen, and files this Motion for Reconsideration of Court Order Dated January 20, 2022 on an Order Shortening Time.

/ / /

/ / /

/ / /

1   This motion is made and based on the papers and pleadings on file herein, the
2   Memorandum of Points and Authorities submitted herewith, the Declaration of Michael D.
3   Falater, Esq., submitted herewith, and any further evidence and oral arguments as may be made at
4   the hearing of this matter.

    DATED this ____ day of February, 2022.

                            HUTCHISON & STEFFEN, LLC

                            _____
                            Michael D. Falater
                            Peccole Professional Park
                            10080 West Alta Drive, Suite 200
                            Las Vegas, NV 89145

                            *Attorneys for Seoul Trading, Inc.*

# I.
## DECLARATION OF MICHAEL FALATER, ESQ. IN SUPPORT OF SEOUL TRADING'S MOTION FOR RECONSIDERATION OF COURT ORDER DATED JANUARY 20, 2022 ON AN ORDER SHORTENING TIME

I, MICHAEL FALATER, ESQ., declare under the penalty of perjury that the foregoing is true and correct:

1. I am an attorney with the law firm of HUTCHISON & STEFFEN, LLC, the attorneys for Seoul Trading, Inc.

2. I have personal knowledge of the facts referred to in this declaration and could competently testify to these facts if called upon to do so in a court of law.

3. On January 20, 2022, this Court entered an Order requiring Seoul Trading to retain counsel by February 10, 2022 (the "January 20, 2022 Order"); however, as indicated above, the undersigned attorney represents Seoul Trading.

4. Accordingly, the January 20, 2022 Order should have been directed to Golden Global, who filed the operative pleading, an "opposition", and made the application to proceed *in forma pauperis*.

5. Accordingly, Seoul Trading requests that this matter be heard as expeditiously as possible to revise the January 20, 2022 Order such that Golden Global is compelled to retain counsel by February 10, 2022.

DATED this ___ day of February, 2022.

_____
MICHAEL FALATER, ESQ.

## II.
## NATURE OF MOTION

This matter is a "quasi-appeal" from a Perishable Agricultural Commodities Act Complaint that was initiated by Complainant Seoul Trading, Inc. against Respondent Golden Global USA, Inc in a previous case. Complainant Seoul Trading was successful before the United States Department of Agriculture and was awarded $66,554.15 in reparation against Respondent Golden Global. *See* Exhibit A, PACA Order.

On January 18, 2022, Golden Global filed a document with this Court entitled "Opposition to Complaint's [sic] motion to dismiss or for summary judgment" and made an Application to Proceed in District Court Without Prepaying Fees or Costs. *See* ECF No. 1. In that document, Golden Global did not caption the case correctly. Seoul Trading was identified as the "Plaintiff," likely because it was the Complainant in the underlying PACA action. Golden Global was identified as the "Defendant," although Golden Global is the appellant and the party to file the application to proceed *in forma pauperis*.

On January 20, 2022, this Court denied the application to proceed in district court without prepaying fees and costs, "as it appears that Plaintiff can pay the filing fee." *See* ECF No. 2 at p. 2. That Order also ruled "that Plaintiff may not proceed without an attorney, as it is a corporation." *Id.* The Order identified Seoul Trading as the "Plaintiff," due to Golden Global's improper captioning of its application. *Id.* Seoul Trading has never been officially served with the "Opposition" and specially appears here to clarify this Court's Order.

However, again, the application and opposition were filed by <u>Golden Global</u>. Seoul Trading did not file the application to proceed *in forma pauperis* or the operative pleading. In addition, Seoul Trading is represented by counsel. Golden Global has not been represented by counsel. Though the Order included "that Plaintiff, Seoul Trading Inc., must retain counsel and that counsel must file an appearance by February 10, 2022," this should have been directed at

Golden Global instead of Seoul Trading. Golden Global should be ordered to retain counsel and to file an appearance by February 10, 2022.

## III.
## ARGUMENT

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FRCP 60(a). The instant action was commenced by Golden Global, who identified themselves as the "Defendant" in this action, as they were the "respondent" in the underlying PACA action. Based on this incorrect captioning, the Court's order dated January 20, 2022, conflated the two parties and requires Seoul Trading to retain counsel and file an appearance; however, the Order should be directed to Golden Global to retain counsel, as they were the ones that made the application to proceed *in forma pauperis* and initiated this appeal of the PACA action. According, Seoul Trading asks this Court to reconsider its Order and to require Golden Global to pay its filing fee, retain counsel, and have counsel file an appearance by February 10, 2022.

## IV.
## CONCLUSION

Based on the foregoing, Seoul Trading asks this Court to reconsider its order to properly identify the parties and order Golden Global to retain counsel and file an appearance by February 10, 2022.

## ORDER

IT IS ORDERED that ECF No. 3 is GRANTED in part and DENIED in part. It is granted to the extent that the Court vacates its order at ECF No. 2 to the extent it ordered Seoul Trading, Inc, to retain counsel (who has now appeared in this case).

IT IS FURTHER ORDERED that Golden Global USA Inc. must retain counsel and have counsel file an appearance by February 25, 2022. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (stating that "[c]orporations and other unincorporated associations must appear in court through an attorney"). Failure to comply with this Order will result in a recommendation to the district judge that this case be dismissed.

IT IS SO ORDERED
DATED: 3:19 pm, February 07, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of HUTCHISON & STEFFEN, LLC and that on this 3 day of February, 2022, I caused the above and foregoing document entitled **SEOUL TRADING, INC.'S MOTION FOR RECONSIDERATION OF COURT ORDER DATED JANUARY 20, 2022 ON AN ORDER SHORTENING TIME** to be served as follows:

■   Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, to be served **via electronic services;** or

■   by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; and/or

☐   pursuant to FRCP 5(b)(2)(D), to be sent **via facsimile;** and/or

☐   to be hand-delivered;

to the attorney(s) and/or parties indicated below:

Duke Park
3726 S. Las Vegas Blvd., Unit 3003
City Center, NV 89158
T: 702-550-1152
dukepark@me.com

*Defendant/Respondent*

/s/ V. Moop
An employee of HUTCHISON & STEFFEN, LLC