# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Seoul Trading Inc., | Case No. 2:22-cv-00086-RFB-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION re ECF No. 12** |
| Golden Global USA Inc., | |
| Defendant. | |

Before the Court is Plaintiff Seoul Trading Inc.'s Motion to Dismiss.[1] ECF No. 12. Defendant Golden Global USA Inc. did not file an opposition. *See* ECF No. 14.

For the reasons discussed below, the Court recommends granting Seoul Trading's motion.

**I.   Analysis**

This case stems from Golden Global's appeal of the Secretary of Agriculture's decision and order in a reparation proceeding under the Perishable Agricultural Commodities Act.

**A. The Court lacks jurisdiction over Golden Global's 7 U.S.C. § 499g(c) appeal because the company failed to post the requisite statutory bond.**

Seoul Trading moves to dismiss this appeal, arguing that Golden Global failed to post a bond as required under 7 U.S.C. § 499g(c). ECF No. 12 at 4–6.

7 U.S.C. § 499g(c) allows a party that is adversely affected by the Secretary's reparation order to appeal the order to a district court. However, "the appeal is not effective unless the appellant files 'a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail.'" *O'Day v. George Arakelian Farms, Inc.*, 536 F.2d 856, 858 (9th Cir. 1976) (quoting 7 U.S.C. § 499g(c)). If

---

[1] Although Golden Global initiated this case in January 2022, it incorrectly identified itself as Defendant, and this Court failed to recognize this error. *See* ECF Nos. 1, 2.

1

a party fails to post the requisite bond, the district court lacks jurisdiction over the appeal. *Sun Valley Farms, LLC v. W. Veg Produce, Inc.*, 536 F. Supp. 3d 668, 672 (E.D. Cal. 2021) (explaining that failing to post the requisite bond "is a jurisdictional defect that requires the dismissal of a § 499g(c) appeal").

Here, the Secretary of Agriculture ordered Golden Global to pay Seoul Trading a reparation award of $66,554.15 because it accepted but did not pay for six truckloads of napa cabbage.[2] ECF No. 11 at 5, 9–10; ECF No. 12 at 4. Thus, under 7 U.S.C. § 499g(c), Golden Global was required to file a bond for costs and fees with the Clerk of Court. But it has not.

Accordingly, the Court recommends that this case be dismissed because Golden Global's failure to file the statutory bond deprives this Court of jurisdiction. *See* 7 U.S.C. § 499g(c).

**B. Golden Global's failure to retain counsel further requires dismissal.**

Seoul Trading next argues that this case should be dismissed because Golden Global has failed to retain counsel. ECF No. 12 at 4, 6–7.

Golden Global initiated this case as a *pro se* corporate Defendant. The Court explained to the company that a corporate defendant cannot proceed *pro se* and ordered it to obtain counsel by a specified date.[3] ECF No. 2. Following a request to extend this due date, the Court ordered Golden Global to retain counsel by April 11, 2022. ECF No. 8. Yet, nearly a year later, the company still has not retained counsel.

Accordingly, because Golden Global is a corporation and it has failed to retain counsel, the Court further recommends that this case be dismissed. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed

---

[2] The order also required Golden Global to pay interest on the $66,554.15 reparation award and to reimburse Seoul Trading for the $500 fee required to file its complaint. ECF No. 11 at 10.

[3] The Court recognizes its error in initially ordering Seoul Trading (rather than Golden Global) to retain counsel. ECF No. 2 at 2 ("**IT IS FURTHER ORDERED** that Plaintiff, Seoul Trading Inc., must retain counsel and that counsel must file an appearance by February 10, 2022.") (emphasis in original). But it is clear that Golden Global understood this order was directed at it rather than Seoul Trading. *See* ECF No. 5 ("IT IS FURTHER ORDERED that Golden Global USA Inc. must retain counsel and have counsel file an appearance by February 25, 2022."); *see also* ECF No. 7 (Golden Global's motion to extend the deadline to retain counsel).

counsel."); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.").

## II. Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff Seoul Trading Inc.'s Motion to Dismiss (ECF No. 12) be GRANTED and this case closed.

## III. Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 9, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE